# In the United States Court of Federal Claims

No. 25-154

(Filed: July 14, 2026)

```
*****************************************
ARTHUR SAMODOVITZ,                      *
                                        *
                    Plaintiff,          *
        v.                              *
                                        *
THE UNITED STATES,                      *
                                        *
                    Defendant.          *
*****************************************
```

*Arthur Samodovitz*, Ithaca, NY, *pro se*.

*An Hoang*, U.S. Department of Justice, Washington, DC, counsel for Defendant.

## MEMORANDUM OPINION AND ORDER

**DIETZ, Judge.**

*Pro se* plaintiff, Arthur Samodovitz, filed a complaint in this Court on January 27, 2025, seeking compensation for an alleged taking of his contract rights as a bondholder due to the enactment of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"). Compl. for Just Compensation [ECF 1] at 2 (stating that the government "enacted PROMESA and therefore is directly liable for taking [contract rights of bondholders] which are protected by the Fifth Amendment"); *id.* at 17 (alleging that the "enactment of PROMESA reduced the actual value of [his bonds] . . . because enactment of PROMESA abrogated/took my valuable contract rights"). Thereafter, on September 2, 2025, the government moved to dismiss the complaint as untimely and for failing to state a claim for relief. Def.'s Mot. to Dismiss the Compl. [ECF 27] at 1. Because the Court finds that Mr. Samodovitz's takings claim is barred by 28 U.S.C. § 2501, the Court dismisses his complaint for lack of jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC").

Jurisdiction is a threshold issue that must be resolved before proceeding to the merits of a case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (stating that jurisdiction is a threshold matter); *Hardie v. United States*, 367 F.3d 1288, 1290 (Fed. Cir. 2004) (stating that jurisdiction must be established before proceeding to the merits). "The Tucker Act governs whether this court has subject matter jurisdiction[.]" *Santiago v. United States*, 71 Fed. Cl. 220, 227 (2006) (citing 28 U.S.C. § 1491). The Tucker Act confers upon this court jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).

"Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. "A claim first accrues when all the events have occurred that fix the alleged liability of the government and entitle the claimant to institute an action." *Ingrum v. United States*, 560 F.3d 1311, 1314 (Fed. Cir. 2009). "The six-year statute of limitations set forth in section 2501 is a jurisdictional requirement for a suit in the Court of Federal Claims." *John R. Sand & Gravel Co. v. United States*, 457 F.3d 1345 (Fed. Cir. 2006) (citing *Martinez v. United States*, 333 F.3d 1295 (Fed. Cir. 2003), *aff'd*, 552 U.S. 130 (2008). "Due to the jurisdictional nature of section 2501[,] it may not be waived." *Id.* (citing *Hopland Band of Pomo Indians v. United States*, 855 F.2d 1573, 1577 (Fed. Cir. 1988)). Additionally, "[e]quitable tolling does not apply because 28 U.S.C. § 2501's time-bar is jurisdictional." *Wyo. Tr. Co., Tr. of Dean W. Hall Min. Tr. Dated Sept. 25, 1981 v. United States*, 168 F.4th 1377, 1381 (Fed. Cir. 2026) (citing *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133-34 (2008)).

When considering a motion to dismiss for lack of jurisdiction, "a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States,* 60 F.3d 795, 797 (Fed. Cir. 1995)). The plaintiff bears "the burden of establishing jurisdiction, including jurisdictional timeliness[.]" *Alder Terrace, Inc. v. United States*, 161 F.3d 1372, 1377 (Fed. Cir. 1998) (citation omitted). If a plaintiff's claim is filed outside of the six-year statute of limitations, this court lacks jurisdiction over the claim, and it must be dismissed. *Jordan v. United States*, 158 Fed. Cl. 440, 447-48 (2022); *see* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The government contends that Mr. Samodovitz's claim was filed outside of this Court's six-year statute of limitations and that, therefore, his complaint should be dismissed. [ECF 27] at 5. According to the government, "Mr. Samodovitz alleges damages resulting from a Fifth Amendment taking and specifically alleges such damage on the date of enactment of PROMESA." *Id.* (internal quotation marks omitted) (quoting [ECF 1] at 2). Because "Congress enacted PROMESA in 2016," *id.*, and Mr. Samodovitz filed his complaint in 2025, the government asserts that "Mr. Samodovitz's claim is plainly barred by the Tucker Act's statute of limitations and beyond this Court's jurisdiction," *id.* (citing 28 U.S.C. § 2501). In response, Mr. Samodovitz argues that his complaint is not untimely because he was a member of "a class action [that] was timely filed on June 29, 2022," Pl.'s Reply & Resp. [ECF 28] at 7, and because "the statute of limitations was tolled under *American Pipe* [*& Construction Company*] *v. Utah*, 414 U.S. 538 (1974) until the Federal Circuit affirmed the dismissal of the class action on 6/5/20225," *id.*[1] Relying on the Federal Circuit's decision in *Bright v. United States*, 603 F.3d 1273 (Fed. Cir. 2010), Mr. Samodovitz asserts "that [*American Pipe* class action] tolling is 'statutory' in nature and not equitable, and therefore, permitted as a matter of right without any

---

[1] The relevant class action was dismissed on June 5, 2023, when the court determined that "Congress's enactment of PROMESA is not sufficient federal government action to constitute a taking." *Dinh v. United States*, 166 Fed. Cl. 513, 531 (2023). The Federal Circuit affirmed the dismissal on July 31, 2025. *Dinh v. United States*, 145 F.4th 1316 (Fed. Cir. 2025).

equitable considerations." *Id.*[2] Accordingly, Mr. Samodovitz alleges that he "has the legal right to file this suit now in his individual capacity[.]" [ECF 1] at 4.

Mr. Samodovitz's takings claim is barred by 28 U.S.C. § 2501 because it was filed more than six years after the enactment of PROMESA. Mr. Samodovitz acknowledges that his claim accrued on "the date of enactment of PROMESA." [ECF 28] at 10; *id.* at 6 (stating that "the enactment of PROMESA . . . abrogated the contractual *right* of Plaintiff to full payment of interest and principal when due"); [ECF 1] at 2 (alleging damages "on the date of enactment of PROMESA"). PROMESA was enacted on June 30, 2016. *See* PROMESA, Pub. L. No. 114-187, 130 Stat. 549 (2016); *see also* 48 U.S.C. § 2101 ("[T]his chapter shall take effect on June 30, 2016."). Mr. Samodovitz filed his complaint on January 27, 2025, which is more than eight years after the enactment of PROMESA. Because Mr. Samodovitz filed his claim more than six years after it first accrued, this Court does not have jurisdiction to hear it, and it must be dismissed.

The Court is not persuaded by Mr. Samodovitz's *American Pipe* class action tolling argument. In *Bright*, "the Federal Circuit permitted the existence of a class action to toll section 2501, holding that 'when a class action complaint is filed in the Court of Federal Claims and class certification is sought prior to expiration of the [28 U.S.C.] section 2501 limitations period, the limitations period is tolled . . . during the period the court allows potential class members to opt in to the class.'" *Kelly v. United States*, 171 Fed. Cl. 550, 561 (2024) (alteration in *Kelly*) (quoting *Bright*, 603 F.3d at 1274), No. 24-2042 (Fed. Cir. argued Mar. 5, 2026). While the Federal Circuit recognized "the fact that equitable tolling is barred under section 2501," *Bright*, 603 F.3d at 1287, it treated class action tolling as statutory and allowed it to suspend the section 2501 limitations period, *id.* at 1287-88. Significantly, since the Federal Circuit's 2010 decision in *Bright*, the Supreme Court clarified that class action tolling is equitable, not statutory. *Cal. Pub. Emps.' Ret. Sys. v. ANZ Sec., Inc.*, 582 U.S. 497, 509 (2017) ("[T]he source of the tolling rule applied in *American Pipe* is the judicial power to promote equity, rather than to interpret and enforce statutory provisions."); *accord Kelly*, 171 Fed. Cl. at 561 ("[N]ow the Supreme Court has held that *American Pipe* tolling is equitable, not statutory." (citing *Cal. Pub. Emps.' Ret. Sys.*, 582 U.S. at 509-10)); *Blue Cross and Blue Shield of Kansas City Welfare Benefit Plan v. United States*, 173 Fed. Cl. 132, 149 (2024) ("[I]n *CalPERS* the Supreme Court clarified unequivocally that *American Pipe* tolling is a form of equitable tolling."), No. 24-2317 (Fed. Cir. argued Mar. 5, 2026). Consequently, because class action tolling is considered equitable tolling and equitable tolling is not permitted by 28 U.S.C. § 2501, the six-year statute of limitations on Mr. Samodovitz's claim was not suspended by the class action filed on June 29, 2022, and therefore his complaint is barred by this Court's statute of limitations.

Accordingly, the government's motion to dismiss, [ECF 27], is **GRANTED**. Mr. Samodovitz's complaint, [ECF 1], is **DISMISSED** for lack of jurisdiction pursuant to RCFC

---

[2] In his complaint, Mr. Samodovitz alleges that he has the "right to file suit more than six years after enactment of PROMESA," [ECF 1] at 3 (emphasis omitted), based on the Supreme Court's holdings in *American Pipe & Construction Company v. Utah*, 414 U.S. 538 (1974) and *Crown, Cork, & Seal Company v. Parker*, 462 U.S. 345 (1983), *id.* at 4. In *American Pipe*, the Supreme Court adopted the principle of "class action tolling" by holding that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." 414 U.S. at 554. In *Crown, Cork, & Seal*, the Supreme Court extended the rule of *American Pipe* to all members of the asserted class, including those who subsequently file individual complaints. 462 U.S. at 350-51.

12(b)(1). Additionally, Mr. Samodovitz's request for a default judgment, [ECF 19], is **DENIED**. The Clerk is directed to enter judgment accordingly.

      **IT IS SO ORDERED.**

s/ Thompson M. Dietz
THOMPSON M. DIETZ, Judge
